CHARLES BOFIRD, APPELLANT, v FRANK BRYLINSKY, RESPONDENT.

·Submitted November 7, 1924—Decided January 19, 1925.

An automobile sold under a ·conditional sale agreement and by the vendee resold in the course of business, its vendee, in turn, resold the automobile for cash, before a demand was made by the original vendor in the conditional sale agreement, and before an assignment of its alleged rights, to the plaintiff. *Held*, an action in trover and conversion will not lie against the second vendee by the assignee of the first vendor to the conditional sale agreement. The plaintiff, to maintain the action, must have had his right, whatever its character, at the time of the conversion; a subsequent acquisition of title will not support the action. *Gaskill* v. *Barbour*, 62 *N. J. L.* 530, approved, followed and applied.

On appeal from the Supreme Court.

For the appellant, *Treacy & Milton* and *John L. Ridley*.

For the respondent, *William A. Spencer* and *Fred W. De Voe*.

The opinion of the court was delivered by

BLACK, J. A concise and clear statement of the facts in this case will demonstrate that it was not error for the trial court to direct a verdict in favor of the defendant. This is the only error alleged as a ground of appeal.

The subject-matter of the litigation is one Gardner touring car, serial No. 17378 A, four-cylinder model, 1922.

The complaint consists of three counts. The first count alleges that on the 26th of September, 1922, the defendant wrongfully took from the Colonial Finance Trust, and wrongfully detained, the automobile. The Colonial Trust, between September 26th, 1922, and December 15th, 1922, was the owner of the automobile and entitled to the immediate possession of the same. It demands possession of the automo-

bile or $750 for its value, and $750 damages for its wrongful detention. In the second and third counts the plaintiff demands $1,500 and damages, with interest.

In September, 1922, the Sidney B. Bowman Automobile Company, of New York City, was the distributor for the Gardner automobiles. On September 15th, 1922, it sold four Gardner cars, including the one now in dispute, to the Colonial Finance Trust, of New York City, which sale was in connection with the purchase and financing of the cars by the Bowman Automobile Company. On September 26th, 1922, the Colonial Finance Trust sold the car now in dispute to the Gebauer Motor Company on a conditional sale agreement, that company giving back to the Colonial Trust a storage receipt, which provided that the "said car shall be kept within the showroom of building 4350 Hudson Boulevard, West Hoboken, N. J., and delivered to the owner, to wit, Colonial Finance Trust, upon demand, in good order." On Saturday, September 23d, 1922, Frank Brylinski, the defendant, doing business at Perth Amboy, New Jersey, as the Eagle Garage, purchased, in the ordinary course of business, for $776, the car now in dispute, from the Gebauer Motor Company. On Tuesday, September 25th, 1922, the car was ready for delivery. Brylinski says the car was in front of the business place, Hudson boulevard. He accepted the car, and immediately drove it to his place of business, in Perth Amboy. On Monday, October 2d, 1922, the conditional sale agreement given by the Gebauer Motor Company to the Colonial Finance Trust was recorded in the office of the register of Hudson county, New Jersey. On October 5th, 1922, the Colonial Finance Trust made a written demand upon Brylinski for the immediate possession of the automobile, which was refused. Brylinski sold the car before the demand was made, *i. e.,* four or five days after Tuesday, September 26th, 1922. *Record, p.* 24. On December 15th, 1922, .the Colonial Finance Trust assigned its alleged claim against Frank Brylinski to Charles Bofird, the plaintiff and appellant, who brought this action in trover and conversion.

The problem, therefore, the sharp question for solution is, Can this suit be maintained by the plaintiff, and was it error for the trial judge to direct a verdict in favor of the defendant? We think not. In the case of *Gaskill* v. *Barbour*, 62 *N. J. L.* 530, Mr. Justice Collins, speaking for the Supreme Court, said: "But it is fundamental in trover that the plaintiff must have had his right, whatever its character, at the time of the conversion. A subsequent acquisition of title will not support the action." The transferee may bring trover against the possessor, but only if the chattels are withheld from him after demand, or if in any other way the facts admit of an allegation of conversion after the plaintiff's acquisition of title, although it may be a new conversion. See 39 *N. J. L. J.* 201. The soundness of the principle, therein stated, has stood unchallenged, in this court, as the law on this topic since 1898. In other jurisdictions, there are cases to the contrary. 5 *Corp. Jur.* 889; 2 *R. C. L.* 610, §§ 18, 20. On the subject of assignment of a chose in action, see our statute. 3 *Comp. Stat.*, *p.* 4056, §§ 19, 20. As the demand was not made upon Brylinski until after he had sold and parted with the car, and the plaintiff's alleged right by assignment had not accrued until some time thereafter, the plaintiff cannot maintain the suit. This disposes of the case and renders it unnecessary to discuss the other points argued in the briefs. This case, on the subject of the conditional sale agreement, is not unlike, in some of its features, that of *Finance Corporation of New Jersey* v. *Jones,* 97 *N. J. L.* 106; *affirmed,* 98 *Id.* 165. But this point, in the view we have taken of the case, calls for no discussion.

Finding no error in the record, the judgment is therefore affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 14.

*For reversal*—None.